**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
NEWPORT CAPITAL GROUP, LLC,             :   CIVIL ACTION NO. 11-2755 (MLC)
                                        :
     Plaintiff,                         :        O P I N I O N
                                        :
     v.                                 :
                                        :
JEFFREY LOEHWING,                       :
                                        :
     Defendant.                         :
                                        :
```

**THE PLAINTIFF** — Newport Capital Group, LLC ("NLLC") — brought this action in state court on March 14, 2011, against the defendant, who is a Pennsylvania citizen, to recover damages under state law.  (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)  The defendant removed the action under 28 U.S.C. § ("Section") 1332.  (Rmv. Not.)

**THE DEFENDANT** (1) merely restates the allegation from the Complaint that NLLC "is a New Jersey limited liability company with its principal place of business located in New Jersey", and (2) cites Section 1332(c), which pertains to the citizenship of corporations only.  (Id. at 2.)  The defendant thus fails to allege NLLC's citizenship, because NLLC is a limited liability company, which is (1) an unincorporated association, and (2) deemed to be a citizen of each state in which its members are citizens, not the states in which it was formed or has its principal places of business.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  To determine a limited liability company's citizenship, each member's name must be

specifically alleged and the citizenship of each membership layer must be traced and analyzed. Id. at 420; see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship must be alleged "affirmatively and distinctly").

**THE DEFENDANT** has failed to meet his burden of demonstrating jurisdiction by failing to list and analyze the citizenship of each member within NLLC as it existed on March 14, 2011, including non-managing and non-individual members. See 28 U.S.C. §§ 1446(a), 1447(c); McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009) (requiring allegation of citizenship or domicile, and not place of residence, licensure, or business). He has not shown that he was a citizen of a different state in relation to the plaintiff "at the time of filing" on March 14, 2011. Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004); see 28 U.S.C. § 1332(a)(1). The defendant, who is represented by counsel, should have ascertained jurisdiction before choosing to remove the action to federal court. See Freedman, 180 Fed.Appx. at 320; CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004) (stating court "should not need to underscore the importance of adequately pleading and proving diversity"). The Court will issue an appropriate order and judgment remanding the action without prejudice.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: May 17, 2011