**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NEWPORT CAPITAL GROUP, LLC, | CIVIL ACTION NO. 11-2755 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| JEFFREY LOEHWING, et al., | |
| Defendants. | |

**THE PLAINTIFF**, Newport Capital Group, LLC ("Newport"), originally brought this action in state court against defendant Jeffrey Loehwing ("Loehwing"). (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.) Loehwing removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Rmv. Not.)

**THE COURT** remanded the action to state court because Loehwing merely recited in the Removal Notice that Newport was "a New Jersey limited liability company with its principal place of business located in New Jersey". (See dkt entry no. 3, 5-17-11 Order; dkt. entry no. 2, 5-17-11 Opinion at 2). By failing to recite the citizenship of each of Newport's members, Loehwing failed to properly allege Newport's citizenship and failed to demonstrate that the Court had jurisdiction pursuant to 28 U.S.C. § 1332. (5-17-11 Opinion.) See also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010) (a limited liability company is

an unincorporated association, deemed to be a citizen of each state in which its members are citizens); S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (citizenship must be alleged "affirmatively and distinctly").

**LOEHWING** thereafter filed the Amended Removal Notice. (Dkt. entry no. 5, Am. Rmv. Not.) Loehwing therein demonstrated that Newport is a citizen of New Jersey, the state in which its only member is a citizen. (Id. at ¶¶ 3-5; Am. Rmv. Nov., Exs. B-E.) Loehwing also demonstrated that the Court had jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because Loehwing was a citizen of Pennsylvania and the parties were thus completely diverse. (Am. Rmv. Not. at ¶ 6-7; Am. Rmv. Not., Exs. F-G.) See also 28 U.S.C. § 1332(a)(1).

**NEWPORT** sought leave to add and added a new defendant to this action, Captrust Financial Advisers, LLC ("Captrust"). (See dkt. entry no. 31, Mot.; dkt. entry no. 39, 5-7-12 Order (granting Motion); dkt. entry no. 40, Am. Compl.) Newport alleges that Captrust "is a North Carolina limited liability company with its principal place of business located" in Raleigh, North Carolina and its "corporate office" in Doylestown, Pennsylvania. (Am. Compl. at ¶ 3.)

**THE COURT** notes Newport, like Loehwing before it, has failed to properly allege the citizenship of one of the parties to this action. See Zambelli Fireworks Mfg. Co., 592 F.3d at 418-20; S.

Freedman & Co., 180 Fed.Appx. at 320.  The Court also notes that the addition of nondiverse parties to this action, where such parties are "indispensable to the furnishing of complete relief", would defeat this court's jurisdiction and mandate remand of the action to state court.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010-11 (3d Cir. 1987).  The Court will thus issue an appropriate Order To Show Cause, ordering the parties to demonstrate why this action should not be remanded to state court.  See 28 U.S.C. § 1447(e) ("[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court"); Kabakjian v. United States, 267 F.3d 208, 212 (3d Cir. 2001) (noting that the Court may, pursuant to 28 U.S.C. § 1447(e), "after the suit is filed, permit the destruction of subject matter jurisdiction").

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Date:     May 31, 2012