**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWPORT CAPITAL GROUP, LLC, | CIVIL ACTION NO. 11-2755 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| JEFFREY LOEHWING, et al., | |
| Defendants. | |

**PLAINTIFF**, Newport Capital Group, LLC ("Newport"), originally brought this action in state court against defendant Jeffrey Loehwing, seeking damages for: (1) breach of fiduciary duties and loyalty; (2) breach of contract; (3) misappropriation of trade secrets, confidential information, and proprietary information; (4) tortious interference with current and prospective economic advantage; (5) unfair competition; and (6) unjust enrichment. (Dkt. entry no. 1-2, Rmv. Not., Ex. A, Compl.)  Loehwing removed the action to this Court.  (Rmv. Not.)

**LOEHWING** has moved for summary judgment in his favor and against Newport.  (See generally dkt. entry no. 20, Motion.)  It appears that the Motion concerns all of the Counts asserted against Loehwing.  (See dkt. entry no. 20-1, Loehwing Br. at 1 ("Loehwing seeks summary judgment on the claims involving prospective clients and dismissal of any claims pertaining to the one arguably actual

client" (emphasis in original)).)  Newport opposes the Motion.

(See generally dkt. entry no. 25, Newport Opp'n Br.)

**NEWPORT** has cross-moved for summary judgment, in its favor and against Loehwing, on its claim for breach of contract.  (Dkt. entry no. 24, Cross Motion; Newport Br. at 31-33.)  Loehwing opposes the Cross Motion.  (See generally dkt. entry no. 28, Loehwing Reply and Opp'n to Cross Motion.)

**NEWPORT**, after filing the Cross Motion, separately moved for relief before the Magistrate Judge, seeking leave to (1) add Captrust Financial Advisors, LLC ("Captrust") as a defendant to this action; and (2) file an amended complaint.  (Dkt. entry no. 31, Motion for Leave.)  The Magistrate Judge granted the Motion for Leave.  (Dkt. entry no. 39, 5-7-12 Order.)  Newport thus filed the Amended Complaint.  (Dkt. entry no. 40, Am. Compl.)  Newport now seeks damages solely from Loehwing for breach of fiduciary duties and loyalty, breach of contract, misappropriation of trade secrets, confidential information, and proprietary information.  (Id. at Counts I-III.)  It also seeks damages from both Loehwing and Captrust for tortious interference with current and prospective economic advantages, unfair competition, and unjust enrichment. (Id. at Counts IV-VI.)

**THE COURT** will address the Motion and the Cross Motion without oral argument.  See L.Civ.R. 78.1(b).

**THE COURT** has the inherent power to control the docket.

Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); S.E.C. v. Infinity

Grp. Co., 212 F.3d 180, 197 (3d Cir. 2000) ("Matters of docket

control and scheduling are within the sound discretion of the

district court."); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d

Cir. 1991).  The Court has concluded that, under the circumstances

described above, denying without prejudice both the Motion and

Cross Motion would best "promote fair and efficient adjudication"

of the claims referenced therein.  Rolo, 949 F.2d at 702.

Resolving both the Motion and Cross Motion after Captrust has filed

an Answer to the Amended Complaint and meaningfully participated in

discovery will avoid piecemeal adjudication and preserve valuable

judicial resources.

**THE COURT** will issue an appropriate Order.


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge


Date:      June 5, 2012

3