**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWPORT CAPITAL GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY LOEHWING, et al., <br><br> Defendants. | CIVIL ACTION NO. 11-2755 (MLC) <br><br> **O P I N I O N** |

    **THE PLAINTIFF**, Newport Capital Group, LLC ("Newport"), brings this action against former Newport employee Jeffrey Loehwing and Loehwing's current employer, CAPTRUST Financial Advisors, LLC ("Captrust"). (See dkt. entry no. 40, Am. Compl.) Newport raises claims against Captrust sounding in tortious interference with both current and prospective economic advantages, unfair competition, and unjust enrichment. (See id. at Counts IV, V, and VII.)

    **CAPTRUST** now moves for summary judgment on Counts IV, V, and VII of the Amended Complaint in its favor and against Newport. (Dkt. entry no. 65, Notice of Motion; see dkt. entry no. 65-2, Br. in Supp.) Newport opposes the Motion. (See dkt. entry no. 68, Opp'n Br.)

    **THE COURT** will resolve the Motion on the papers and without oral argument. See L.Civ.R. 78.1(b). For the reasons that follow, the Court will grant the Motion in part and deny it in part.

**MOTIONS** for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The movant has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question.  See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable [trier of fact] to return a verdict for the non-moving party." Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The burden on the movant may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-movant's case.  See Celotex, 477 U.S. at 323.

**IF THE MOVANT** meets the initial burden, then the burden shifts to the non-movant to demonstrate that genuine issues of material fact exist that must be resolved at trial.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); Williams v. Bor. of W. Chester, Pa., 891 F.2d 458, 460–61 (3d Cir. 1989).  The Court, when determining whether genuine issues

of material fact exist, must (1) view the evidence in the light most favorable to the non-movant, and (2) draw all reasonable inferences in the non-movant's favor.  See Scott v. Harris, 550 U.S. 372, 380 (2007); Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007).

**THE COURT** will grant the Motion to the extent that it concerns Count IV of the Amended Complaint, insofar as that count concerns the claim raised against Captrust for tortious interference with current economic advantage.  Newport states in its opposition brief that it "has acknowledged in discovery that it did not have contractual agreements with the prospective clients" at issue and, therefore, "does not intend to raise a claim at trial that [Captrust] interfered with existing contractual relationships." (Opp'n Br. at 24.)  Newport also states that "it withdraws the claim to the extent that it was pled [sic] as part of Count IV" of the Amended Complaint.  (Id.)

**THE COURT** will, however, deny the Motion to the extent that it raises all other claims raised against Captrust in the Amended Complaint.  Newport has introduced sufficient evidence to show that there is at least one genuine dispute of material fact that must be resolved at trial, i.e., whether Captrust engaged in tortious and actionable behaviors by supporting Loehwing's alleged efforts to herd Newport's prospective clients into Captrust's stable.  Viewed

3

in the light most favorable to Newport, with all reasonable inferences drawn in Newport's favor, a reasonable jury could find that Captrust engaged in such behavior. An e-mail chain among Captrust employees shows that Captrust spoke with Loehwing before he began working for Newport, and encouraged him to "build a client base before joining us". (Dkt. entry no. 68-7, 10-12-10 E-mail from Abigail Russell.) Another e-mail distributed among Captrust employees indicates that Loehwing accepted Captrust's offer of employment in July of 2010, but was was "leaning toward a September [2010] start date" because he had "a 'bunch of meetings' scheduled with prospective clients over the next 2-3 weeks", had "alluded to the possibility of a move to his clients several weeks ago[,] and [was at that time] prepared to discuss it with them in detail." (Dkt. entry no. 68-8, 7-23-10 E-mail from Rick Shoff.) This latter e-mail also demonstrates Captrust's Managing Director's opinion that a September 2010 start date would "provide him and us with more certainty about his clients [sic] willingness to move." (<u>Id.</u>)

  **THE COURT**, for good cause appearing, will enter a separate Order and Judgment.

                <u>s/ Mary L. Cooper</u>
                **MARY L. COOPER**
                United States District Judge

Date:  April 19, 2013